FILED
2021 Dec-29  AM 09:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRCIT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| LeCYNTHIA FARLEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: |
| v. | ) | |
| | ) | JURY DEMAND |
| MILO'S TEA COMPANY, INC., | ) | |
| | ) | |
| DEFENDANT. | ) | |

---

## COMPLAINT

---

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1981, as amended. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by Plaintiff's pendent state law claims, 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981, providing injunctive and other relief against race discrimination and retaliation in employment.

1

## II. PARTIES

2.     Plaintiff, LeCynthia Farley, ("Plaintiff") is an African American female citizen of the United States and is a resident of Helena, Alabama.

3.     Defendant, Milo's Tea Company, Inc., ("Defendant") is an Alabama corporation engaged in business in Alabama.

4.     At all times relevant to this action, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting commerce and has fifteen (15) or more employees and is an employer within the meaning of 42 U.S.C. § 2000e (b), (g) and (h).

## III. ADMINISTRATIVE PROCEDURES

5.     Plaintiff hereby adopts and realleges paragraphs one (1) through four (4) herein above as if fully set forth herein.

6.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by his employer, Defendant.

7.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, their agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendant from maintaining a habit and/or practice of discriminating against and/or retaliating against the Plaintiff and others similarly situated on account of

racial discrimination and retaliation.

8.     On December 28, 2020, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

9.     Plaintiff's Right to Sue was mailed by the EEOC on September 29, 2021. (Exhibit B).

10.     Administrative prerequisites for filing suit have been satisfied, and Plaintiff is entitled to bring this action.

## IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

11.     Plaintiff hereby adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

12.     The Plaintiff, LeCynthia Farley, is an African American female.

13.     The Plaintiff began working for the Defendant in or around October 2016 and was hired as a clerk.

14.     Approximately one year after she was hired, the Plaintiff was placed in the position of Training/Safety Coordinator.

15.     The Plaintiff was the only black female on her team when she was employed as the Training/Safety Coordinator.

16.     The   Plaintiff   obtained   her   OSHA   30   certification   within

approximately thirty days of being placed in the Training/Safety Coordinator position.

17.    In or around late 2017, the Plaintiff was removed from her position as Training/Safety Coordinator and replaced by a white male.

18.    The Plaintiff was placed as a front desk employee and was informed that she did nothing wrong to cause the move.

19.    The Plaintiff was not made aware of any issues with her performance before the Defendant removed her from her Training/Safety Coordinator position.

20.    The Training/Safety Coordinator position that was given to the white male was not posted by the Defendant.

21.    The white male that first relaced the Plaintiff as Training/Safety Coordinator was paid more than the Plaintiff to perform the same or similar duties as the Plaintiff when she held the position.

22.    The Plaintiff also witnessed the Defendant hiring white employees to fill positions.

23.    In or around August 2019, the Plaintiff complained to the CEO about racism and the race discrimination she was being subjected to regarding being removed from and denied the Training/Safety Coordinator position and the position being given to a white man. The Plaintiff also complained that the company was hiring mostly all white employees.

24.     In September 2019, the white male that first replaced the Plaintiff as Training/Safety Coordinator left his employment.

25.     The Defendant did not post the Training/Safety Coordinator position after the first male that replaced the Plaintiff left and did not put the Plaintiff back in the position, even though she was qualified and previously held the position.

26.     Instead of putting the Plaintiff back in the Training/Safety Coordinator position she previously held, the Defendant hired a second white male to replace the Plaintiff and paid him more than the Plaintiff was paid to perform the same or similar duties.

27.     In late 2019 through early 2021, the Defendant continued hiring white employees and placing white employees in positions the Plaintiff sought.

28.     In late July 2020, after Plaintiff complained about racism and race discrimination and engaged in protected activity, she received a lower pay raise percentage than other employees, including employees that had not engaged in protected activity and white employees.

29.     On or about September 3, 2019, after Plaintiff complained about the racial discrimination in August 2019, she was subjected to unjust and unfair discipline and coaching.

30.     The Plaintiff continued to receive unjust and unfair discipline in 2019 and 2020.

31.     White employees and employees that had not engaged in protected activity were not disciplined in the same manner as the Plaintiff.

32.     In mid to late 2020, after the Plaintiff complained about race discrimination and engaged in protected activity, the Defendant made false allegations regarding the Plaintiff's performance in her performance evaluation negatively impacting her pay.

33.     The Plaintiff was constructively discharged on or about February 22, 2021.

34.     The Defendant failed and/or refused to investigate the Plaintiff's complaints.

35.     Plaintiff has been treated differently than other employees that have not complained of discrimination and are white.

## COUNT ONE

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RACE DISCRIMINATION CLAIMS

36.     Plaintiff hereby adopts and realleges paragraphs (1) through ten (10) herein above as if fully set forth herein.

37.     The Plaintiff, LeCynthia Farley, is an African American female.

38.     The Plaintiff began working for the Defendant in or around October 2016 and was hired as a clerk.

39.     Approximately one year after she was hired, the Plaintiff was placed

in the position of Training/Safety Coordinator.

40.     The Plaintiff was the only black female on her team when she was employed as the Training/Safety Coordinator.

41.     The Plaintiff obtained her OSHA 30 certification within approximately thirty days of being placed in the Training/Safety Coordinator position.

42.     In or around early to mid 2018, the Plaintiff was removed from her position as Training/Safety Coordinator and replaced by a white male.

43.     The Plaintiff was placed as a front desk employee and was informed that she did nothing wrong to cause the move.

44.     The Plaintiff was not made aware of any issues with her performance before the Defendant removed her from her Training/Safety Coordinator position.

45.     The Training/Safety Coordinator position that was given to the white male was not posted by the Defendant.

46.     The white male that first replaced the Plaintiff as Training/Safety Coordinator was paid more than the Plaintiff to perform the same or similar duties as the Plaintiff when she held the position.

47.     The Plaintiff also witnessed the Defendant hiring white employees to fill positions.

48.     In or around August 2019, the Plaintiff complained to the CEO about

racism and the race discrimination she was being subjected to regarding being removed from and denied the Training/Safety Coordinator position and the position being given to white men. The Plaintiff also complained that the company was hiring majority white employees.

49.    In September 2019, the white male that first replaced the Plaintiff as Training/Safety Coordinator left his employment.

50.    The Defendant did not post the Training/Safety Coordinator position after the first male that replaced the Plaintiff left and did not put the Plaintiff back in the position, even though she was qualified and previously held the position.

51.    Instead of putting the Plaintiff back in the Training/Safety Coordinator position, the Defendant hired a second white male to replace the Plaintiff and paid him more than the Plaintiff was paid to perform the same or similar duties.

52.    In late 2019 through early 2021, the Defendant continued hiring white employees and placing white employees in positions the Plaintiff sought.

53.    In late July 2020, the Plaintiff received a lower pay raise percentage than other white employees.

54.    The Plaintiff was unjustly and unfairly disciplined in 2019 and 2020, when white employees were not disciplined in the same manner as the Plaintiff.

55.    In mid to late 2020, the Defendant made false allegations regarding

the Plaintiff's performance in her performance evaluation negatively impacting her pay.

56.     The Plaintiff was constructively discharged on or about February 22, 2021, after the Defendant failed to place her back in the Training/Safety Coordinator position she previously held, place her higher paying positions for which she was qualified, failed to pay her the same as white employees, failed to pay her pay raises she earned, paid her lower pay raises than other white employees and failed to stop the ongoing discrimination.

57.     Plaintiff has been treated differently than white employees.

58.     Defendant subjected Plaintiff to adverse treatment and discrimination with respect to the terms and conditions of her employment.

59.     Plaintiff has been unjustly disciplined, denied pay, denied pay raises, denied positions, demoted, discriminated against, and treated differently, and her race, black, was a motivating factor, one of the factors or a factor, that caused the Defendant to discriminate against her.

60.     Defendant has a habit and/or practice of discriminating against black employees and applicants and/or allowing racial discrimination.

61.     Supervisors and managers employed by Defendant engaged in these unlawful practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

62.     Defendant failed to train its employees on its purported antidiscrimination policies and reporting procedures.

63.     Defendant's dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

64.     Plaintiff has been directly affected by the racially discriminatory practices described in this Complaint.

65.     Defendant's conduct and the conduct of its employees was so severe or pervasive as to create a racially discriminatory and hostile working environment to which Plaintiff was subjected.

66.     Defendant knew or should have known of the racial discrimination Plaintiff was forced to endure.

67.     Defendant failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the racial discrimination Plaintiff was forced to endure.

68.     Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

69.     Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

70.     Defendant's actions are in violation of Title VII of the "Civil Rights Act of 1964," as amended.

71.     The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein, and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, expenses, costs, injunctive relief, and declaratory judgment is his only means of securing adequate relief.

72.     Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964 and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendant make her whole by

granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S TITLE VII AND 42 U.S.C. § 1981 RETALIATION CLAIMS

73.      Plaintiff adopts and realleges paragraphs one (1) through ten (10) herein above as if fully set forth herein.

74.      The Plaintiff, LeCynthia Farley, is an African American female.

75.      The Plaintiff began working for the Defendant in or around October 2016 and was hired as a clerk.

76.      Approximately one year after she was hired, the Plaintiff was placed in the position of Training/Safety Coordinator.

77.      The Plaintiff was the only black female on her team when she was employed as the Training/Safety Coordinator.

78.      The Plaintiff obtained her OSHA 30 certification within approximately thirty days of being placed in the Training/Safety Coordinator position.

79.    In or around early to mid 2018, the Plaintiff was removed from her position as Training/Safety Coordinator and replaced by a white male.

80.    The Plaintiff was placed as a front desk employee and was informed that she did nothing wrong to cause the move.

81.    The Plaintiff was not made aware of any issues with her performance before the Defendant removed her from her Training/Safety Coordinator position.

82.    The Training/Safety Coordinator position that was given to the white male was not posted by the Defendant.

83.    The white male that first relaced the Plaintiff as Training/Safety Coordinator was paid more than the Plaintiff to perform the same or similar duties as the Plaintiff when she held the position.

84.    The Plaintiff also witnessed the Defendant hiring white employees to fill positions.

85.    In or around August 2019, the Plaintiff complained to the CEO about racism and the race discrimination she was being subjected to regarding being removed from and denied the Training/Safety Coordinator position and the position being given to a white man. The Plaintiff also complained that the company was hiring mostly all white employees.

86.    In September 2019, the white male that first replaced the Plaintiff as Training/Safety Coordinator left his employment.

87.    The Defendant did not post the Training/Safety Coordinator position after the first male that replaced the Plaintiff left and did not put the Plaintiff back in the position, even though she was qualified and previously held the position.

88.    Instead of putting the Plaintiff back in the Training/Safety Coordinator position she previously held, the Defendant hired a second white male to replace the Plaintiff and paid him more than the Plaintiff was paid to perform the same or similar duties.

89.    In late 2019 through early 2021, the Defendant continued hiring white employees and placing white employees in positions the Plaintiff sought.

90.    In late July 2020, after Plaintiff complained about racism and race discrimination and engaged in protected activity, she received a lower pay raise percentage than other employees, including employees that had not engaged in protected activity.

91.    On or about September 3, 2019, after Plaintiff complained about the racial discrimination in August 2019, she was subjected to unjust and unfair discipline and coaching.

92.    The Plaintiff continued to receive unjust and unfair discipline in 2019 and 2020.

93.    Employees that had not engaged in protected activity were not disciplined in the same manner as the Plaintiff.

94.    In mid to late 2020, after the Plaintiff complained about race discrimination and engaged in protected activity, the Defendant made false allegations regarding the Plaintiff's performance in her performance evaluation negatively impacting her pay.

95.    The Plaintiff was constructively discharged on or about February 22, 2021, after the Defendant continued to retaliate against the Plaintiff by failing to place her back in the Training/safety Coordinator position, failing to award her higher paying positions for which she was qualified, failing to pay her the same as employees that had not engaged in protected activity, failing to pay her pay raises she earned and paying her lower pay raises than other employees that had not engaged in protected activity and failing to stop the ongoing retaliation.

96.    The Defendant failed and/or refused to investigate the Plaintiff's complaints.

97.    Plaintiff has been treated differently than other employees that have not complained of discrimination or engaged in protected activity.

98.    Defendant subjected Plaintiff to adverse treatment with respect to the terms and conditions of her employment in retaliation for Plaintiff's complaints and protected activity.

99.    There is a causal connection between Plaintiff's complaints and the adverse actions she has been forced to endure.

100.   Plaintiff has been unjustly disciplined, denied positions, denied pay, received unjust performance evaluations, and constructively discharged for her complaints and protected activity.

101.   Defendant has a habit and/or practice of retaliating against employees that complain and engage in protected activity.

102.   Supervisors and managers employed by Defendant engaged in these unlawful practices, were aware of these unlawful practices, encouraged and/or condoned these unlawful practices.

103.   Defendant failed to train its employees on its purported antiretaliation policies and reporting procedures.

104.   Defendant's dissemination of any antiretaliation policies and reporting procedures has been ineffective.

105.   Plaintiff has been directly affected by the retaliatory practices described in this Complaint.

106.   Defendant's conduct and the conduct of its employees was so severe or pervasive as to create a retaliatory harassing working environment to which Plaintiff was subjected.

107.   Defendant knew or should have known of the retaliation Plaintiff was forced to endure.

108.   Defendant failed to take any prompt and effective action reasonably

calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

109.   Defendant's actions were and continue to be malicious and Plaintiff has been harmed.

110.   Defendant's actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

111.   Plaintiff avers that she has been unjustly disciplined, denied positions, denied pay, received unjust performance evaluations, unjustly disciplined, subjected to adverse actions and  retaliated against for engaging in a protected activity, and that there is a causal link between Plaintiff engaging in a protected activity and the adverse actions she suffered, including his termination.

112.   Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended.

113.   Defendant has a habit and/or practice of retaliating against employees that engage in protected activity.

114.   Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

115.   Plaintiff is now suffering and will continue to suffer irreparable injury

from Defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.      Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendant's, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964 and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendant make her whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
CYNTHIA FORMAN WILKINSON
State Bar ID No:  ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
215 N. Richard Arrington Jr. Blvd.
Suite 200
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Ms. LeCynthia Farley
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESS:**

Milo's Tea Company, Inc.
C/O Patricia C. Wallwork
3112 Dublin Lane
Bessemer, AL 35022

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s): |
|---|---|---|
| | | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. LeCynthia Farley | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| Milo's Tea Company, Inc. | 100 + | (205) 424-4284 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3112 Dublin Lane | Bessemer, AL 35022 |

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE    ☐ COLOR    ☒ SEX    ☐ RELIGION    ☐ NATIONAL ORIGIN

☒ RETALIATION    ☐ AGE    ☐ DISABILITY    ☐ GENETIC INFORMATION

☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest  2017   Latest  to  Current

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a black female, and I began working for the above-named employer on or about October 24, 2016. I was employed as a Training Coordinator for 3 years. I am the only black female on my team. In or around mid to late 2017, I was removed from my position, and my employer replaced me with a white male. There were no issues with my performance when I was removed from the position. I was placed to work at the front desk. I believe the male employee who replaced me was paid more than me to perform the duties of Training Coordinator. The first white male that replaced me as Training Coordinator left his employment on or about in 2019, and my employer did not place me back in this position, even though I was qualified, and instead hired another white male for the position paying him more than I was paid to perform the duties of the Training Coordinator. In mid to late July 2020, when my employer issued pay raises to employees, I received less of a percentage pay raise than the white employees on my team and the male employees. I asked my employer to move me to another position, including my former position as Training Coordinator, but my requests were denied even when my employer was hiring for coordinator and other positions and creating positions. When I asked to be moved into another position other than the front desk, I was informed I did nothing wrong to be moved to the front desk job. I complained to the CEO in August 2019 about the racism at work and race discrimination for the positions I have been denied when less qualified whites have been awarded the positions. I also complained about the company hiring all white employees. All individuals employed in management positions are white. I believe I have been discriminated against because of my race, black, and my gender, female, in violation of Title VII of the Civil Rights Act of 1964, as amended, because I have been denied positions and pay, including pay raises. I also believe I have been retaliated against after my complaints and protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, because I have been denied positions and pay, including pay raises.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - When necessary for State or Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct.<br><br>12/22/2020<br>Date          Charging Party Signature | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>12/22/2020 |

Cynthia D. Hamilton

NOTARY PUBLIC
ALABAMA STATE AT LARGE

EEOC Form 161 (11/2020)

## U.S. Equal Employment Opportunity Commission

---

## Dismissal and Notice of Rights

| | |
|---|---|
| To: **Lecynthia Farley** <br><br> ███████████████ | From: **Birmingham District Office** <br> **Ridge Park Place** <br> **1130 22nd Street South** <br> **Birmingham, AL 35205** |

| ☐ | *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))* |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **420-2021-00713** | **IRAN CRUZ,** <br> **Investigator** | **(205) 651-7029** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

On behalf of the Commission

*for  James E Love Sr*

**BRADLEY A. ANDERSON,**
**District Director**

September 29, 2021

*(Date Issued)*

Enclosures(s)

cc: **MILO'S TEA COMPANY, INC** <br> **c/o Kimberly W. Geisler** <br> **SCOTT DUKES & GEISLER** <br> **211 - 22nd St. North** <br> **Birmingham, AL 35203**

**WILKINSON LAW FIRM, PC** <br> **c/o Cynthia Wilkinson** <br> **1717 - 3rd Ave. North** <br> **Suite A** <br> **Birmingham, AL 35203**